IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-10385
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SAMUEL TRAVIS CHESHIRE,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:96-CR-224-3-X
- - - - - - - - - -

February 9, 1999

Before BARKSDALE, and EMILIO M. GARZA, Circuit Judges.[*]

PER CURIAM:[**]

Samuel Travis Cheshire appeals his conviction for conspiracy to possess with the intent to distribute methamphetamine. He argues that he is entitled to a new trial on the ground that the prosecution presented testimony obtained in violation of 18 U.S.C. § 201(c)(2), which prohibits an offer or promise of "anything of value" in exchange for a witness's testimony. Cheshire contends that the Government violated § 201(c)(2) by

_____

[*] This matter is being decided by a quorum. 28 U.S.C. § 46(d).

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

offering the testifying coconspirators leniency in exchange for their testimony against him. See United States v. Singleton, 144 F.3d 1343, 1358-61 (10th Cir. 1998), vacated and reh'g en banc granted, 144 F.3d 1361-6 (July 10, 1998).

Recently, this court, in United States v. Haese, 162 F.3d 359, 366-68 (5th Cir. 1998), rejected Singleton. In Haese, this court found that it was "evident . . . that Congress did not intend for section 201(c)(2) to be used when prosecutors offer lenity for a witness' truthful testimony." Id. at 367. This court noted that the "essential 'right on the part of the prosecutor to make promises of leniency in exchange for testimony [was] as old as the institution of the criminal trial.'" Id. (citation omitted). This court held that to interpret § 201(c)(2) to prohibit a prosecutor's ability to offer leniency in exchange for testimony "would apply shackles to the government in its pursuit to enforce the law." Id.

AFFIRMED.